Cathleen CASTLE, as Administratrix of the Estate of David Castle, Plaintiff,

v.

LEACH COMPANY, Defendant.

LEACH COMPANY, Third–Party Plaintiff,

v.

BENSON BROTHERS DISPOSAL, INC. and United Waste Services, Inc., Third–Party Defendants.

No. 96–CV–0741.

United States District Court, N.D. New York.

May 18, 1998.

Featherstonhaugh, Conway, Wiley & Clyne, LLP, Albany, NY (Denis R. Hurley, of counsel), for Plaintiff.

Wilson, Elser, Moskowitz, Edelman & Dicker, White Plains, NY (Wayne I. Rabinowitz, John M. Flannery, Jennifer R. Oxman, of counsel), for Defendant Leach Company.

## MEMORANDUM–DECISION & ORDER

MCAVOY, Chief District Judge.

Pending before the Court is plaintiff's motion pursuant to FED. R. CIV. P. 59 to set aside the judgment in the above-captioned action entered April 3, 1998 and to grant a new trial. For the reasons that follow, plaintiff's motion is denied.

### BACKGROUND

This products liability and negligence action arose as a result of the death of David Castle while he was attempting to repair a garbage truck outfitted with a Leach S–III Packmaster [1] manufactured by defendant Leach Company. An eight-day jury trial

---

1. The S–III Packmaster is a rearloading refuse collection and compaction unit.

commenced on March 23, 1998. On April 3, 1998, the jury returned a verdict for the defendant.[2] Specifically, with respect to plaintiff's claim of negligence, the jury found that defendant was not negligent. With respect to plaintiff's claim of strict liability for design defect, the jury found that plaintiff proved that the S–III Packmaster was defectively designed. However, the jury concluded that the defectively designed S–III Packmaster was not a substantial factor in causing Mr. Castle's injuries and death. Accordingly, judgment was entered for defendant on April 3, 1998.

## DISCUSSION

Plaintiff moves for an order setting aside the judgment and granting a new trial pursuant to FED. R. CIV. P. 59.

 Rule 59(a)(1) provides that, on motion for a new trial in a jury case, a district court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." "The authority to grant a new trial is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S.Ct. 188, 66 L.Ed.2d 193 (1980). "A trial court should grant such a motion when convinced that the jury has reached a seriously erroneous result or the verdict is a miscarriage of justice." *Katara v. D.E. Jones Commodities, Inc.*, 835 F.2d 966, 970 (2d Cir.1987) (citing *Newmont Mines Ltd. v. Hanover Ins. Co.*, 784 F.2d 127, 132 (2d Cir.1986)); *see also Rooney v. Tyson*, 956 F.Supp. 213, 217 (N.D.N.Y.1997). That is, a trial court should "view the verdict in the overall setting of the trial; consider the character of the evidence and the complexity or simplicity of the legal principles which the jury was bound to apply to the facts; and abstain from interfering with the verdict unless it is quite clear that the jury has reached a seriously erroneous result." *Bevevino v. Saydjari*, 574 F.2d 676, 684 (2d Cir.1978).

 In the present case, plaintiff asserts that a new trial is warranted because the jury returned an inconsistent verdict regarding plaintiff's claim of strict liability for design defect. Specifically, plaintiff's argument runs that because the only evidence of defect at trial was the S–III Packmaster's speed-up switches, "the finding by the jury that the Packmaster was defective necessitates a finding of proximate cause. This is because the very nature of the defect claimed has to do with the location of the switches and the fact that such location invites mechanics into a dangerous situation inside the hopper." *See* Plaintiff's Memorandum of Law, at 2.

A review of the record indicates, however, that plaintiff did not object at the charge conference to the verdict sheet submitted to the jury. In fact, plaintiff's proposed verdict sheet mirrors the verdict sheet submitted to the jury; it too asked whether the S–III Packmaster was defective and whether the design defect of the S–III Packmaster was a substantial factor in causing Mr. Castle's death. Further, plaintiff did not object to the answers returned by the jury or move for resubmission to resolve the alleged inconsistency. As such, plaintiff has waived its right to seek a new trial by reason of the alleged inconsistent verdict. *See United States Football League v. National Football League*, 842 F.2d 1335, 1367 (2d Cir.1988); *Blissett v. Eisensmidt*, 940 F.Supp. 449, 453–54 (N.D.N.Y.1996); *Manes v. Metro–North Commuter R.R.*, 801 F.Supp. 954, 959 (D.Conn.1992), *aff'd*, 990 F.2d 622 (2d Cir. 1993).

 Even assuming plaintiff had timely objected to the verdict sheet, the jury's verdict was not inconsistent. Whether a product is defectively designed and whether the defectively designed product was a substantial factor in causing an injury are not identical inquiries; they are the *prima facie* elements of any strict liability claim for a design defect. *See, e.g., Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 107–09, 463 N.Y.S.2d 398, 450 N.E.2d 204 (1983). Failure to establish either of these elements is fatal to plaintiff's success. *See, e.g., Fane v. Zimmer*, 927 F.2d 124, 131 (2d Cir.1991).

**2.** The claims against the third-party defendant were settled before the close of trial.

Here, the jury's finding that the defectively designed S–III Packmaster did not cause Mr. Castle's death was not a "seriously erroneous result." *Katara*, 835 F.2d at 970. To the contrary, their finding was completely tenable in light of the evidence at trial. Both of plaintiff's experts testified that Mr. Castle's death might have been avoided had he followed safety procedures while attempting repair of the garbage truck. *See* Dyro Tr. at 85; Schroering Tr. at 85, 109.[3] Moreover, an OSHA report read to the jury concluded that Mr. Castle's failure to follow lockout/tagout procedures was the "root cause" of the accident. Plaintiff's expert also testified that the accident probably would not have occurred if the S–III Packmaster had not been modified by plaintiff's employer. *See* Dyro Tr. At 71–72.

Thus, the jury could reasonably have concluded that the defectively designed S–III Packmaster was not a substantial factor in causing Mr. Castle's death.

### CONCLUSION

For the reasons stated above, plaintiff's motion to set aside the judgment and to grant a new trial is DENIED.

**IT IS SO ORDERED.**

---

3. Citations to the trial transcript will be designated as "Tr. at ___."